IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : CRIMINAL NO. 12-0055-KD-N |
| | : |
| DARQUIST RENALDI WILLIAMS | : |
| | : |

ORDER

On March 26, 2012 a detention hearing was held in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), on the motion of the United States. (Doc. 8) Present at the hearing were the defendant, along with his counsel Daniel McCleave, Esq., and Assistant United States Attorney Gloria Bedwell. Upon consideration of the pretrial services report and the evidence presented at the hearing, the undersigned finds that the defendant, Darquist Renaldi Williams, has failed to rebut the presumption of detention. There are no conditions or combination of conditions of release that the court can impose that will reasonably assure the safety of any other person and the community. Accordingly, defendant is ORDERED DETAINED pending trial.

Procedural History

Defendant is charged in a one count indictment alleging, in part, as follows:

> On or about May 12, 2011, in the Southern District of Alabama, the defendant, DARQUIST RENALDI WILLIAMS, did knowingly and willfully possess with intent to distribute approximately 3 ounces of cocaine, a Schedule II controlled substance. In violation of Title 21, United States Code, Section 8a1(a)(1) and Title 18, United States Code, Section 2.

(Doc. 1)

Defendant was arraigned on Friday March 23, 2012, at which time the undersigned determined that he qualified for counsel and appointed Assistant Federal Defender Peter Madden. The government filed a motion to detain on the grounds, in sum, that defendant poses a

flight risk and a safety risk. (Doc. 8 ) Pursuant to 18 U.S.C. §3142(e), the government invoked the rebuttable presumption against the defendant on the grounds that "[t]here is probable cause to believe that the defendant committed a drug offense for which a maximum term of imprisonment of ten years or more is prescribed or an offense under Title 18, United States Code, Section 924(c)." Id. A detention hearing was set for Monday, March 26, 2012 at 11:00 a.m. before the undersigned. On Monday morning Mr. Madden notified the court of a conflict arising from the Federal Defender's representation of another individual associated with this case. Daniel McCleave, Esq., from the CJA Panel was then appointed to represent the defendant. Prior to the start of the hearing, the court noted that Mr. McCleave had just been substituted as counsel and inquired whether he needed additional time to prepare for the detention hearing. Mr. McCleave advised that he and his client wished to proceed with the hearing.

## Discussion

The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial. Section 3142(f)(1) affords the Government the right to move for detention if the defendant has been charged with one of the predicate offenses enumerated in the Act which Congress has determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1), as in this case, there is a rebuttable presumption that no combination of conditions will reasonably assure the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). When considering pre-trial detention, the court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. *Id.* Factors relevant to this inquiry include: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (3) the history and characteristics of the

defendant and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

In drug cases, such as this one, when the defendant faces a maximum of over ten years of imprisonment, the Bail Reform Act establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community.[1] "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." United States v. Allen, 891 F.Supp. 594, 597 (S.D.Fla.1995). If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. *See* United States v. King, 849 F.2d 485, 488 (11th Cir.1988). On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is *either* a flight risk or a danger to the community.

In an effort to rebut the presumption of detention, defendant relied on the pretrial services report which reflects that he holds a Bachelor's Degree in Criminal Justice from Faulkner University, served in the United States Army from 2004 to 2008 and since August 2011 has been employed as a security screener for the TSA at Mobile Regional Airport.[2] Defendant has no criminal history, reports no mental or physical issues and no substance abuse history or

---

[1] The presumption arises upon probable cause that the defendant has committed a drug offense carrying a maximum penalty of over ten years imprisonment. *See* 18 U.S.C. § 3142(e). The Eleventh Circuit has held that probable cause for § 3142(e) purposes is established by the return of an indictment against a defendant, charging him with an offense punishable by more than ten years imprisonment. *See* United States v. King, 849 F.2d 485, 487-88 (11th Cir.1988). In the one count indictment defendant is charged with possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1), which carries a penalty of 5 to 40 years. Thus, probable cause for triggering § 3142(e)'s presumption has been established.

[2] Defendant concedes that when his employer is notified of the impending federal charges he will likely be terminated from this position.

3

treatment. Defendant reports that since October 2011 he has lived with a roommate in a home owned by his cousin.[3]

Detective Kenneth Gallaspy testified to the events that spawned the criminal indictment. At the time of the events giving rise to this case, defendant was living at Carlyle Close Apartments in Mobile, Alabama. Police were called to the apartment when neighbors reported seeing the defendant being forced into his apartment at gunpoint by two men. Detective Gallaspy testified that when the police arrived the armed invaders[4] exited through windows and that Mr. Williams attempted to bolt past the police officers, and as a result, he was detained.

In the apartment the officers found a safe in the floor of Mr. Williams' room, a spoon with a white residue,[5] a digital scale (hidden to resemble a compact disc), baggies, gloves and baking powder.[6] The detective further testified that a notebook was recovered which appeared to have hand written entries of drug transactions.[7] Defendant spoke to the detective at the scene and admitted that the safe belonged to him but denied the existence or ownership of the drugs. Defendant also admitted to the detective that he owned a handgun. Three guns were ultimately recovered but none were defendant's.

---

[3] The roommate was not in court for the hearing; however, counsel for defendant proffered that the roommate had no prior criminal record.

[4] Reginald Robinson, one of the alleged home invaders, told detectives that he went to defendant's apartment to purchase drugs.

[5] The detective testified that the residue on the safe and the spoon were tested and both returned positive for cocaine.

[6] The indictment charges defendant with possession of three ounces of powder cocaine. However, the detective testified that this information was provided by one of the intruders who advised that the drug was flushed when police arrived. According to the detective, the only cocaine that was retrieved from the scene was residue.

[7] The government proffered that defendant initially agreed to provide a handwriting exemplar to be compared with the writing in the notebook but later withdrew his consent.

Although defendant has no prior criminal history, the evidence presented at the hearing presents a contrary picture. Due to the nature of the charge, there is a presumption that the defendant be detained. Other than the fact that the defendant has no prior criminal history and served in the military, there was nothing presented to rebut this presumption. Upon consideration of all of the factors set forth in § 3142(g), the undersigned finds that based on the evidence presented during the detention hearing there are no conditions or combination of conditions of release which will reasonably assure the safety of any other person and the community.[8] Accordingly, it is ORDERED that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is directed that Defendant be afforded reasonable opportunity for private consultation with counsel, and that, on Order of this Court, the person in charge of any corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purpose of any appearance in connection with a Court proceeding in this Court.

DONE this the 27th day of March, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[8] There was evidence presented at the hearing that Mr. Williams attempted to run past police officers at the scene. However, the pretrial services report reflects that Mr. Williams has ties to this community and there are no other factors that would lead the court to believe that he is a flight risk.